McGREGOR W. SCOTT
United States Attorney
MATTHEW C. STEGMAN
Assistant U.S. Attorney
JOHN S. GATSCHET
Certified Law Student
501 "I" Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2805

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                             )<br>        Plaintiff,          )<br>                             )<br>     v.                      )<br>                             )<br> LORRI CHAMBERS,             )<br>    aka Lorri Ann Bobino.    )<br> _____ ) | Cr. No. S-05-0246-GGH<br><br>STIPULATION AND ORDER<br><br>DATE:  October 3, 2005<br>TIME:  9:00 A.M.<br>JUDGE: GGH |

The defendant, through her undersigned counsel, and the United States, through its undersigned counsel, agree and stipulate that the trial confirmation hearing currently scheduled for Monday, September 19, 2005, should be vacated.  Furthermore, the parties agree that the jury trial date for October 3, 2005 should be rescheduled as a hearing for change of plea for October 3, 2005, at 9:00 a.m.

The government provided the defendant's counsel with 135 pages of discovery on August 1, 2005 at the defendant's arraignment.  A second packet of 51 pages of discovery was forwarded to the defendant's counsel on August 29, 2005.  The discovery involves financial records of the defendant, the Fairfield office of Housing and Development, and the defendant's

1

employers over a period of two and a half years.  Due to the large amount of discovery in this case the defendant, through her undersigned counsel, and the United States, through its undersigned counsel, need more time to analyze the discovery in this case.

Furthermore, both counsel for the United States and counsel for the defendant have been working with the Fairfield Housing Office to obtain further documentation in the form of a spreadsheet outlining the calculations the housing office uses to determine the amount of assistance the a recipient of funds is entitled to.  This documentation is crucial to understanding how the Fairfield Housing Office mathematically distributes housing assistance.  This number is determinative of the amount of restitution the defendant will be required to pay should the defendant be found guilty.  The Government is still waiting for this documentation.

The defendant, through its undersigned counsel, and the United States, through its undersigned counsel, further agree and stipulate that this case is complex within the meaning of the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(B)(ii) due to the volume of discovery and complex mathematics involved in this case.

Accordingly, time should be excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii) and (iv) [Local Codes T2/T4] from September 19, 2005 up to and including the next scheduled court appearance on October 3, 2005.  The parties further stipulate that the ends of justice are met by excluding time and that both the United States and the defendant's need for additional time to prepare exceeds the public interest in a trial

within 70 days.

The current status of the parties is that the United States and the defendant have reached a tentative plea agreement contingent on further documentation from the Fairfield Housing Office.

Dated: September 14, 2005

                                     McGREGOR W. SCOTT
                                     United States Attorney

                               By: /s/ Matthew Stegman
                                  MATTHEW STEGMAN
                                  Assistant U.S. Attorney

Dated: September 14, 2005

                                     LORRI CHAMBERS
                                     Defendant

                               By: /s/ Livia Morales
                                  LIVIA MORALES
                                  Counsel for Defendant

<u>ORDER</u>

IT IS SO ORDERED.

For the reasons stated above, I find that this case is complex and that counsel needs additional time to prepare. I find that the ends of justice warrant an exclusion of time, and that the defendant's need to prepare exceeds the public interest in a trial within 70 days. Time is excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(B)(ii) and (iv) [Local Codes T2/T4] for the reasons stated above until the next scheduled court appearance on Monday, October 3, 2005.

Dated: 9/20/05

                                   /s/ Gregory G. Hollows
                                   _____
chambers246.ord                   GREGORY G. HOLLOWS
                                   U.S. Magistrate Judge